IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

UNITED STATES OF AMERICA                                                                    PLAINTIFF

v.                              Case No. 4:21-cr-40005

TERRON JEROME PEARSE                                                                         DEFENDANT

## ORDER

Before the Court is Defendant's Motion to Reduce Sentence. ECF No. 29. The Court finds that no response is necessary and that the matter is ripe for consideration.

## BACKGROUND

On April 21, 2021, Defendant pled guilty to knowingly possessing with intent to distribute a controlled substance, namely a mixture or substance containing a detectable amount of methamphetamine, in violation of Title 21 U.S.C. §§ 841(a)(1) and (b)(1)(C). ECF No. 17. On April 29, 2022, the Court sentenced Defendant to one hundred sixty-eight (168) months imprisonment with credit for time served in federal custody, three (3) years supervised release, and a $100 special assessment. ECF No. 27.

On May 9, 2023, Defendant filed the instant *pro se* motion seeking a reduction in his sentence pursuant to 18 U.S.C. § 3582(c)(1)(A). ECF No. 29. Defendant argues that his initial sentencing guidelines calculation should be revisited and amended because of the "extraordinary and compelling" circumstance now seen in the different sentencing approaches that place less emphasis on the purity of methamphetamine involved in a crime. *Id*. at p. 1-3.

## DISCUSSION

As stated above, Defendant seeks a revision of his sentencing guidelines calculation and a corresponding reduction in his sentence. The Court cannot grant this request.

Defendant bears the burden of showing that a reduction in his sentence is appropriate under the First Step Act ("FSA"). *United States v. Mitchell*, No. 5:10-cr-50067-001, 2020 WL 544703, at *1

(W.D. Ark. Feb. 3, 2020) (citing *United States v. Jones*, 836 F.3d 896, 899 (8th Cir. 2016)).  Relief is available under the FSA if the Court finds: (1) that the requested sentence reduction is warranted due to "extraordinary and compelling reasons;" (2) that the sentencing factors set forth in 18 U.S.C. § 3553(a) support a reduction "to the extent that they are applicable;" and (3) that a reduction would be consistent with any applicable policy statements issued by the Sentencing Commission.  18 U.S.C. 3582(c)(1)(A)(i).  The Court must first determine whether Defendant's motion is properly raised.

As a threshold matter, Defendant must satisfy certain procedural requirements before filing a compassionate-release motion.  "Before the enactment of the FSA, a motion for compassionate release had to be filed by the Director of the [BOP] and an inmate could not unilaterally file one with the court." *Mitchell*, 2020 WL 544703, at *1.  However, the FSA now permits an inmate to seek a compassionate release directly from the sentencing court "after the defendant has fully exhausted all administrative rights to appeal a failure of the [BOP] to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility."  18 U.S.C. § 3582(c)(1)(A)(i).  Defendant bears the burden of showing that he exhausted his administrative rights with the BOP before filing a compassionate-release motion.  *See United States v. Davis*, No. 2:15-CR-20067-SHM, 2019 WL 6898676, at *1 (W.D. Tenn. Dec. 18, 2019).

The BOP has outlined the administrative exhaustion process in its Program Statement No. 5050.50.  In short, a request for compassionate release must first be submitted to the warden of the BOP facility the defendant is housed in.  28 C.F.R. § 571.61(a).  If the warden approves the request, it is sent to the BOP's general counsel for approval.  28 C.F.R. § 571.62(A)(1).  If the general counsel approves the request, it is sent to the BOP's director for a final decision.  28 C.F.R. § 571.62(A)(2).  If the director approves, he or she will ask the United States Attorney in the applicable judicial district to file a compassionate-release motion on BOP's behalf.  28 C.F.R. § 571.62(A)(3).

If the warden does not respond to the request, the defendant's administrative remedies are deemed exhausted after thirty days.  18 U.S.C. § 3582(c)(1)(A)(i).  If the warden denies the

compassionate-release request, the defendant must appeal the decision pursuant to the BOP's Administrative Remedy Program. 28 C.F.R. § 571.63(a). If the request is denied by the BOP's general counsel or director, that decision is considered a final administrative decision and the defendant's administrative remedies are exhausted at that time. 28 C.F.R. § 571.63(b-c).

Defendant has failed to show that he has exhausted his administrative remedies. Defendant has made no mention of any attempt to request a reduction from his warden or further utilize the necessary BOP appeal pathway. Therefore, the Court must deny Defendant's request to reduce his sentence for failing to clear the statutorily required exhaustion of available administrative remedies. *See* 18 U.S.C. § 3582(c)(1)(A)(i); 28 C.F.R. § 571.63(a-c).

## CONCLUSION

For the reasons stated above, the Court finds that Defendant has not shown that he has fully exhausted his administrative remedies before filing the instant motion for a reduction in his sentence pursuant to 18 U.S.C. § 3582(c)(1)(A). Accordingly, Defendant's Motion to Reduce Sentence (ECF No. 29) is hereby **DENIED**.

**IT IS SO ORDERED**, this 23rd day of May, 2023.

/s/ Susan O. Hickey
Susan O. Hickey
Chief United States District Judge